UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JERMAINE ANDERSON                           CIVIL ACTION NO. 24-cv-1737

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

CARLOS VILLACENIO                           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Jermaine Anderson ("Plaintiff"), who is self-represented, has filed eight civil actions in this court in the last several weeks.  Most were filed under the name Jermaine Anderson, but one was filed as Jermaine Anderson Joseph.  Some are directed at persons associated with eviction proceedings in the Shreveport City Court.  With some, like this one, it is impossible to tell what the claims are about.  For the reasons that follow, it is recommended that this civil action be dismissed for failure to state a claim on which relief may be granted.

This complaint names as its sole defendant Carlos Villacenio.  Plaintiff checked a box on the form complaint to indicate that the basis for federal jurisdiction is federal question.  The form asked him to list the federal statutes at issue, and he wrote "American Disabilities Act/Civil Rights Violations."  The form also asked Plaintiff to (1) write a short and plain statement of his claim by stating facts that show that he is entitled to relief and (2) state how each defendant was involved and what each defendant did that caused harm to the Plaintiff or violated his rights.  Plaintiff wrote only: "Dec, 1, 2024-Dec, 12, 2024.

Lighthouse Home Rentals.  Civil Rights violations/ADA violations"  He asked for $18,000 in damages.

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)).  The factual allegations must "raise a right to relief above the speculative level."  Twombly, 127 S.Ct. at 1965.  "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to" state a valid claim.  Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

Plaintiff was directed in clear language to state facts to support his claims, and he completely failed to do so.  There is nothing in the meager offerings in his complaint that asserts a plausible claim against the named defendant.  There is not even a hint as to how the defendant interacted with Plaintiff in any way.  Plaintiff asserts that the defendant violated his civil rights and the Americans with Disabilities Act, but mere conclusory allegations, naked assertions without any factual enhancement, or formulaic recitations of a cause of action are not enough to survive review under the Twombly standard.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Twombly "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  Plaintiff's conclusory allegations are not sufficient to state a plausible claim on which relief may be granted, so his complaint should be dismissed.

The recommended dismissal may be granted sua sponte.  "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).  This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).  Such a sua sponte dismissal is permissible even if done prior to a defendant being served.  Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

Plaintiff's filings that have been reviewed by the court thus far have been meritless and frivolous.  He is warned that if he continues to file such frivolous actions and pleadings, he may be subjected to sanctions, which can include an order that he pay monetary sanctions, a bar on filing as a pauper, and a bar on filing any civil action without prior approval by a district judge.  Plaintiff should take this warning seriously.  The court has imposed similar sanctions against other plaintiffs who have abused the litigations process.

Accordingly,

It is recommended that this civil action be dismissed with prejudice for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of January, 2025.

Mark L. Hornsby
U.S. Magistrate Judge